IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA )
)
v. ) 1:19cr529-1
)
MAURICE OWEN WILEY, JR. )

## MEMORANDUM ORDER

Before the court is Defendant Maurice Owen Wiley, Jr.'s motion to dismiss count three of the superseding indictment filed January 4, 2021. (Doc. 236.) The Government responded, opposing the motion (Doc. 240), and Wiley replied (Doc. 241). For the reasons stated herein, the motion will be denied.

I. BACKGROUND

On October 1, 2019, Wiley was named in four counts of a six-count indictment arising out of a botched robbery of the owners of a Chinese restaurant in Durham, North Carolina, that left one of the owners dead. (Doc. 120.) Count one charged a conspiracy to commit a Hobbs Act robbery, while count two charged an attempt to commit a Hobbs Act robbery, both in violation of 18 U.S.C. § 1951(a). Count three charged carry and use, by discharging, of firearms during and in relation to a crime of violence, specifically a Hobbs Act robbery "as more fully referenced in Count Two," in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Finally, count four charged carry and use of firearms during the attempted

Hobbs Act robbery charged in count two, and discharge that caused death in violation of 18 U.S.C. § 924(j)(1).[1]

On October 14, 2020, the Fourth Circuit decided <u>United States v. Taylor</u>, 979 F.3d 203 (4th Cir. 2020), which held that attempted Hobbs Act robbery was not a "crime of violence" under 18 U.S.C. § 924(c). This voided the legal basis for counts three and four of the indictment.

The Government thereafter obtained a superseding indictment against Wiley. (Doc. 217.) The new indictment charges Wiley with four counts: count one charges conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); count two charges attempted Hobbs Act robbery in violation of 18 U.SC. §§ 1951(a) and 2; count three charges conspiracy to possess firearms in furtherance of a crime of violence in violation of 18 U.S.C. § 924(o); and count four charges felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a), and 2. (<u>Id.</u>)

Wiley now moves to dismiss count three of the superseding indictment -- charging a violation of 18 U.S.C. § 924(o) -- on the ground that it fails to state an offense. (Doc. 236.)

**II. ANALYSIS**

Section 924(o) provides:

> A person who conspires to commit an offense under subsection (c) shall be imprisoned for not more than 20

---

[1] Counts two and four also charged aiding and abetting, in violation of 18 U.S.C. § 2.

> years, fined under this title, or both; and if the firearm is a machinegun or destructive device, or is equipped with a firearm silencer or muffler, shall be imprisoned for any term of years or life.

Thus, § 924(o) prohibits conspiring to commit an offense under § 924(c), which in turn prohibits, as relevant here, the possession of firearms in furtherance of a "crime of violence."[2] In other words, § 924(o) criminalizes conspiring to violate § 924(c).

Count three of the superseding indictment alleges in relevant part that Wiley and others

> did unlawfully and knowingly combine, conspire, confederate, and agree with each other and other persons, known and unknown to the Grand Jurors, to possess firearms in furtherance of a crime of violence, to wit: an offense under subsection (c) of Title 18, United States Code, Section 924; in violation of Title 18, United States Code, Section 924(o).

(Doc. 217 at 3.) Wiley reads this language as alleging that the "crime of violence" to sustain the Government's § 924(o) count is a violation of § 924(c). He then concludes: "the issue here is whether a violation of [§] 924(c) is in and of itself a crime of violence." (Doc. 236 at 3.) Relying solely on the "reasoning of Taylor," he argues that § 924(c) is not a crime of violence and therefore cannot serve as the predicate crime for a § 924(o) conviction. (Id. at 3-4.) The Government responds that count three "directly tracks the language" of § 924(o) and is valid.

---

[2] Section 924(c) punishes "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm."

3

(Doc. 240 at 3.)  The Government also argues that Wiley "does not distinguish between the crime charged in Count Two, the *attempted* Hobbs Act robbery, with the crime of violence alleged in Count Three, which encompasses a *completed* Hobbs Act robbery."  (Id.)

The court starts with the elements of a § 924(o) offense. "The elements [of § 924(o)] are: 1) a conspiracy, 2) to knowingly use, carry, possess, or discharge firearms, 3) in furtherance of a crime of violence."  United States v. Khan, 309 F. Supp. 2d 789, 823 (E.D. Va. 2004).  "To prove a violation of 18 U.S.C. § 924(o) . . . the Government must show: '(1) a conspiracy existed to commit the substantive offense; (2) [the defendant] knew of the conspiracy; and (3) [the defendant], with knowledge, voluntarily joined it.'"  United States v. Jenkins, 628 F. App'x 840, 841 (4th Cir. 2015) (quoting United States v. Isnadin, 742 F.3d 1278, 1307 (11th Cir. 2014)).[3]  As with any other conspiracy charge, nothing in these elements requires the defendant to have completed the underlying substantive crime -- here, possession of firearms in furtherance of a crime of violence.  This recognizes the inchoate nature of a conspiracy charge that renders it legally distinct from a substantive offense.  See Iannelli v. United States, 420 U.S. 770, 777 (1975) ("Traditionally the law has considered

---

[3] Unpublished opinions of the Fourth Circuit are not precedential but can be cited for their persuasive but not controlling authority.  See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006).

4

conspiracy and the completed substantive offense to be separate crimes. Conspiracy is an inchoate offense, the essence of which is an agreement to commit an unlawful act."); United States v. Mills, 995 F.2d 480, 484 (4th Cir. 1993) ("[T]he focus of a conspiracy charge is the agreement to violate the law.").

So, too, here. Section 924(o) is a standalone offense, distinct from § 924(c), with a separate set of penalties. Section 924(c)(1)(A) criminalizes using, carrying, or possessing a firearm with the requisite connection to a crime of violence or drug trafficking crime, whereas § 924(o) separately criminalizes the conspiracy to do the same. While there is limited published Fourth Circuit case law on the scope of § 924(o), a successful conviction, consistent with the nature of conspiracy crimes, does not require the defendant to be convicted of, charged with, or even shown to have completed the predicate crime. See United States v. Johnson, 820 F. App'x 199, 204 (4th Cir. 2020) ("Firearms conspiracy 'requires proof of agreement,' not 'proof the substantive crime was actually committed.'") (citing United States v. Robinson, 627 F.3d 941, 958 (4th Cir. 2010), and Mills, 995 F.2d at 484); see also United States v. Berrios, 676 F.3d 118, 143 (3d Cir. 2012) ("[Section] 924(o) creates a conspiracy offense, which is by nature inchoate, and therefore *does not require* that the defendant actually commit the underlying crime."); Wilkins v. United States, No. CR 16-10096-PBS, 2020 WL 533595, at *5 (D. Mass. Feb. 3, 2020)

5

(finding that defendant violated § 924(o) when he agreed to exchange drugs for a gun even though the transaction did not occur and he could not have violated § 924(c)). As the Government correctly states, a defendant "can be guilty of conspiring to possess firearms in furtherance of a *completed* Hobbs Act robbery" in violation of § 924(o) and "may also be guilty of a subsequent attempted Hobbs Act robbery when the object of the conspiracy was in fact attempted but frustrated" in violation of § 1951(a). (Doc. 240 at 3.) These are two separate statutes that criminalize two separate offenses -- conspiracy to violate § 924(c) and attempted Hobbs Act robbery.

Wiley is correct that after Taylor, attempted Hobbs Act robbery is not a "crime of violence" and therefore the attempted Hobbs Act robbery charged in count two cannot serve as a predicate offense for the § 924(o) charge. However, a completed Hobbs Act robbery is a "crime of violence." United States v. Mathis, 932 F.3d 242 (4th Cir. 2019). It follows, therefore, that just as the possession of firearms in furtherance of a Hobbs Act robbery (and not just an attempt) would suffice as a violation of § 924(c), a conspiracy to possess firearms in furtherance of a Hobbs Act robbery would suffice as a violation of § 924(o).

Moreover, as case law interpreting § 924(c) makes clear, the Government is not required to specify in an indictment which crime is the predicate crime, or even to charge a defendant with that

crime.  See United States v. Randall, 171 F.3d 195, 205 (4th Cir. 1999) ("[T]he government is under no obligation to specify a specific predicate offense in a § 924(c) charge."); United States v. Perry, 560 F.3d 246, 256 n.3 (4th Cir. 2009), as corrected (Mar. 31, 2009) (regarding a § 924(c) offense, "[w]e held that the government does not have to specify a predicate offense, but if it does, it must prove the predicate offense").  So, the fact that count three of Wiley's superseding indictment does not allege specifically the crime of violence is not fatal.

With this background, it is apparent that Wiley's sole argument -- that the superseding indictment pleads a violation of § 924(c) as the "crime of violence" -- fails.  (Doc. 236 at 3-4.)  Wiley points to the portion of the indictment that charges that Wiley conspired "to possess firearms in furtherance of a crime of violence, to wit: an offense under subsection (c) of Title 18, United States Code, Section 924; in violation of Title 18, United States Code, Section 924(o)."  As the Government points out, this language simply "tracks the language" of § 924(o), which prohibits "conspir[ing] to commit an offense under" § 924(c).  (Doc. 240 at 3.)  It is that subsection -- subsection c -- that requires the predicate "crime of violence."  In other words, in count three the Government simply alleges a violation of § 924(o) by quoting the statutory text, not specifying a particular crime of violence.  Wiley's cramped reading of the indictment attempts to have the

7

phrase "to wit" refer solely to the preceding phrase "crime of violence" and ignores the rest of the phrase "to possess firearms in furtherance of."  In full context, it is plain that the indictment does not allege a violation of § 924(c) as the predicate crime of violence.  Cf. Chance v. United States, 791 F. App'x 165, 166–67 (11th Cir. 2020) (overturning § 924(o) conviction that was "predicated solely" on a conspiracy to possess a firearm during and in relation to a conspiracy to commit Hobbs Act robbery, which is not a crime of violence).  Rather, it alleges that the possession of firearms in furtherance of a crime of violence, which would be a violation of § 924(c), is the predicate for the conspiracy charged in count three under § 924(o).

For these reasons, count three of the superseding indictment states a cognizable crime because the Government alleges that Wiley conspired to knowingly possess one or more firearms in furtherance of a crime of violence.  It is not a defect that count three does not allege a "completed Hobbs Act robbery," as Wiley argues.  (Doc. 241 at 2.)  Of course, the Government will have to prove at trial that the "crime of violence" that serves as the predicate for the underlying § 924(c) offense, which in turn is the object of the conspiracy charged in count three, was a cognizable crime of violence and not merely an attempted Hobbs Act robbery.

8

## III. CONCLUSION

For the reasons noted,

IT IS ORDERED that Wiley's motion to dismiss (Doc. 236) is DENIED.

　　　　　　　　　　　　　　　　　　/s/　 Thomas D. Schroeder
　　　　　　　　　　　　　　　　　　United States District Judge

March 19, 2021