UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | ) | DOCKET NO. 1:19CR529-TDS |
|---|---|---|
| | ) | |
| v. | ) | DEFENDANT'S MOTION *IN* |
| | ) | *LIMINE* TO EXCLUDE 404(b) |
| MAURICE OWEN WILEY, JR. | ) | EVIDENCE |

NOW COMES Defendant MAURICE OWEN WILEY, JR., by and through undersigned counsel, and hereby moves to exclude evidence of other crimes, wrongs, or acts being offered by the government at trial. Defendant is charged with the following: conspiracy to commit a Hobbs Act robbery between April 13 and April 15, 2018; attempted Hobbs Act robbery on April 15, 2018; conspiracy to possess firearms in furtherance of a crime of violence, to wit a violation of Section 924(c), between April 13 and 15, 2018; possession of ammunition as a convicted felon on April 15, 2018.

Wiley was originally indicted in this case on October 1, 2019. During the lengthy pretrial course of this case, the government has provided a large amount of discovery in periodic "supplemental disclosures". One of the most recent disclosures was provided to the defense on April 13, just three days ago. One of the items included in that disclosure was a two-page FBI report describing activity occurring on April 19, 2018, but which was not put into a written report by the FBI until April 13, 2021, three years after the reported events and just three days ago. Trial is set to begin on April 19, six days after this disclosure.

The report indicates that on April 19, 2018, Wiley refused to yield to federal agents' activated emergency equipment when they attempted to apprehend him on active domestic violence warrants and for his suspected involvement in the murder of Hong

1

Zheng as eventually charged in this case. The agents allege that Wiley had a child with him and fled at a high rate of speed, well over 100 miles per hour, and successfully eluded them.

In response to inquiry by the defense, the government has now indicated its intent to offer this evidence during its case-in-chief at trial to explain the context of some text messages between Wiley and Demetrius Poole and show consciousness of guilt. However, the government says it will offer this evidence only if those text messages related to the chase are allowed into evidence by this Honorable Court. In a separate motion, now pending, Wiley has moved to exclude the text messages between Wiley and Poole and the government has filed an opposition to that motion.

Wiley submits that the above evidence is irrelevant, is not properly admissible under Rules 404(b) or 405, and is more prejudicial than probative under Rule 403. Additionally, Wiley submits that the government has not complied with the notice requirements of Rule 404.

Rule 404 provides, in pertinent part, as follows:

(b) Other Crimes, Wrongs, or Acts.
(1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
(2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.
(3) Notice in a Criminal Case. In a criminal case, the prosecutor must:
(A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
(B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
(C) do so in writing before trial--or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Here, the government did not initiate formal written notice of its intent to offer the evidence. However, in response to defense counsel's inquiry on April 14, the government indicated its intent to offer the evidence in its case-in-chief if the text messages are admitted.

The Advisory Committee Notes to the 2020 amendment to Rule 404 (which, *inter alia,* removed the requirement of a defense request for notice of Rule 404 evidence), includes the following explanation:

> Notice must be provided before trial in such time as to allow the defendant a fair opportunity to meet the evidence, unless the court excuses that requirement upon a showing of good cause. See Rules 609(b), 807, and 902(11). Advance notice of Rule 404(b) evidence is important so that the parties and the court have adequate opportunity to assess the evidence, the purpose for which it is offered, and whether the requirements of Rule 403 have been satisfied--even in cases in which a final determination as to the admissibility of the evidence must await trial.

Here, the government disclosed this evidence four business days before commencement of trial. The defense has not had a fair opportunity to meet the evidence. On this basis alone, Wiley submits that this evidence should be excluded by this Honorable Court.

Generally, evidence of other crimes, wrongs, or acts become admissible only if it meets the following criteria:

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

3

*United States v. Queen*, 132 F.3d 991, 997 (4th Cir.1997), *cert. denied*, 118 S.Ct. 1572 (1998). One of the dangers which Rule 404(b) protects against is ". . . the 'trial by ambush' that would occur if one were confronted at trial not only with acts alleged in the indictment but also with prior acts from the span of one's entire lifetime." *Id.,* 132 F.3d at 996.

The fourth prong of the *Queen* test above is incorporation of Rule 403's requirement that the Court conduct a determination, before the evidence is presented to the jury, of whether the probative value of the proffered evidence is outweighed by the unfairly prejudicial value of the evidence. This allows the Defendant to object to the evidence and gives the Court the opportunity to determine the matter outside the presence of the jury and to prohibit any reference to the evidence during trial if the Court determines that the proffered evidence is inadmissible.

Wiley submits that the car chase evidence is not properly admissible for any of the permissible purposes listed in Rule 404(b). The government will argue that Wiley's alleged flight from law enforcement shows his consciousness of guilt. However, the FBI report indicates that the agents were trying to arrest Wiley on two concurrent bases: (1) active domestic violence warrants; (2) his suspected involvement in the murder of Hong Zheng. There is no information in the FBI report from which it could be determined from which legal matter Wiley was fleeing. Similarly, the text stream between Wiley and Poole, if admitted, does not clarify which legal matter Wiley was fleeing. If he was fleeing because he knew of the domestic violence warrants, evidence of his flight has no probative value as to his consciousness of guilt for the Zheng robbery and murder.

4

Defendant Wiley submits that the evidence of flight is unfairly prejudicial because it would show Wiley committing a separate bad act/crime with which he is not charged in this case: reckless driving while fleeing to elude police and endangering a child. It would tend to show his bad character and lawlessness but would not tend to establish any of the permitted topics listed in Rule 404(b)(2). The unfair prejudice greatly outweighs the questionable probative value of this evidence and therefore the evidence should be excluded under Rule 403.

For all the above reasons, Wiley respectfully moves this Honorable Court to exclude such evidence.

Respectfully submitted,

April 16, 2021

s/ Mark P. Foster, Jr.
NC State Bar #22717
Attorney for Defendant
Foster Law Offices, PLLC
409 East Blvd.
Charlotte, NC 28203
Phone 980-721-5221
markpfosterjr@gmail.com

s/ John D. Bryson
John D. Bryson
Attorney for Defendant
1912 Eastchester Drive, Suite 400
High Point, NC 27261
336-819-6016
jbryson@wehwlaw.com

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the above **DEFENDANT'S MOTION IN LIMINE TO EXCLUDE 404(b) EVIDENCE** has been duly served on counsel for the parties of record by e-mail service through ECF on this date:

April 16, 2021　　　　　　　　　　　　s/ Mark P. Foster, Jr.
　　　　　　　　　　　　　　　　　　　NC State Bar #22717
　　　　　　　　　　　　　　　　　　　Foster Law Offices, PLLC
　　　　　　　　　　　　　　　　　　　409 East Blvd.
　　　　　　　　　　　　　　　　　　　Charlotte, NC 28203
　　　　　　　　　　　　　　　　　　　Phone 980-721-5221
　　　　　　　　　　　　　　　　　　　E-mail: markpfosterjr@gmail.com