```
 1              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
 2

 3   UNITED STATES OF AMERICA      )   CASE NO. 1:19CR529-1
                                   )
 4          vs.                    )
                                   )   Winston-Salem, North Carolina
 5   MAURICE OWEN WILEY, JR.       )   April 27, 2021
     _____   8:54 a.m.
 6

 7              TRANSCRIPT OF THE TRIAL/VERDICT
                 VOLUME VII OF VII (Pgs. 1384-1423)
 8            BEFORE THE HONORABLE THOMAS D. SCHROEDER
                    UNITED STATES DISTRICT JUDGE
 9

10   APPEARANCES:

11   For the Government:      GRAHAM GREEN, AUSA
                              CRAIG M. PRINCIPE, AUSA
12                            Office of the U.S. Attorney
                              251 N. Main Street, Suite 726
13                            Winston-Salem, North Carolina 27101

14
     For the Defendant:       JOHN D. BRYSON, ESQ.
15                            Wyatt Early Harris & Wheeler, LLP
                              P.O. Drawer 2086
16                            High Point, North Carolina 27261-2086

17                            MARK P. FOSTER , JR., ESQ.
                              Foster Law Offices, PLLC
18                            409 East Boulevard
                              Charlotte, North Carolina 28203
19

20   Court Reporter:         BRIANA L. BELL, RPR
                              Official Court Reporter
21                            P.O. Box 20991
                              Winston-Salem, North Carolina 27120
22

23

24        Proceedings recorded by mechanical stenotype reporter.
25         Transcript produced by computer-aided transcription.
```

Case 1:19-cr-00529-TDS   Document 365   Filed 02/04/22   Page 1 of 40

```
1                    P R O C E E D I N G S

2          (The Defendant was present.)

3          THE COURT:  All right.  Have you all had an

4   opportunity to review all the exhibits and have them all

5   organized?

6          MR. GREEN:  We do.

7          THE COURT:  Everybody is in agreement as to what goes

8   back?

9          MR. FOSTER:  Yes.

10          THE COURT:  Ordinarily, of course, I would not send

11  the firearm back.  I certainly would not send both firearm and

12  ammunition in the jury room.  I think I told them I would send

13  back everything but the firearms.  I guess the question is

14  whether the ammunition should stay here as well or not.

15          MR. GREEN:  We think it should, Your Honor.  I think

16  our view is -- because, obviously, we still have -- we don't

17  know the fate of this case, or we do have cases pending which

18  may require this evidence.  I think the Government's view would

19  be if they requested to see a certain piece of the physical

20  evidence, that they ask to be brought back into the jury room,

21  and we can kind of have an observation to make sure all that is

22  maintained.

23          THE COURT:  Is all the physical exhibit in the box

24  right there?

25          MR. GREEN:  It is.
```

Case 1:19-cr-00529-TDS   Document 365   Filed 02/04/22   Page 2 of 40

1    **THE COURT:**  So you would request that all the

2  physical evidence to remain in the courtroom?

3    **MR. GREEN:**  I would.

4    **THE COURT:**  And that's because you have other

5  potential matters?

6    **MR. GREEN:**  We do.

7    **THE COURT:**  Any objection to that?

8    **MR. FOSTER:**  No, Your Honor.

9    **THE COURT:**  I will tell the jury that the physical

10 evidence will remain in the courtroom.  If they want to see any

11 of it, they are welcome; they just need to come and ask.

12    **MR. GREEN:**  Yes, Your Honor.

13    **THE COURT:**  So the plan is to bring them in and tell

14 them that.

15    You've reviewed the other materials to go back, all

16 the exhibits, as well as the final version of the Court's

17 instructions, as well as the verdict form and the indictment;

18 is that right?

19    **MR. GREEN:**  We have reviewed all of those pieces of

20 evidence.

21    **THE COURT:**  And the same with the Defendant?

22    **MR. FOSTER:**  Yes, Your Honor.

23    **THE COURT:**  All right.  Let's bring the jury in.  You

24 can bring the alternates in too.

25    (The jury returned to the courtroom at 8:55 a.m.)

US v. Wiley  -- Trial/Verdict Vol. VII of VII -- 4/27/21

1          **THE COURT:**  Please be seated everyone.

2          All right.  Ladies and gentlemen, welcome back.  I'm

3    about to dismiss the jury and instruct you to resume your

4    deliberations.

5          I told you I would send the evidence into the jury

6    room for you along with the Court's instructions and form of

7    verdict sheet as well as the indictment, and I made a reference

8    to not sending the firearms back.  I wanted to clarify that.

9    I'm not going to send back any of the physical evidence, which

10   is the stuff in the box.

11         If you want to see any of that, you're more than

12   welcome to see that.  You're entitled to see it.  I will simply

13   ask that you ask to see it, and then I'll bring you into the

14   courtroom, and you will be able to see it as a group here in

15   the courtroom; but that way I won't be sending back any of it

16   into the jury room.

17         All right.  So at this time I'm going to instruct the

18   members of the jury to resume your deliberations.

19         And I'm going to ask the two alternates to continue

20   to abide by all my admonitions not to discuss the case and

21   don't do any research.  You're not yet a member of the actual

22   jury.  I might need you for that, and it's important that you

23   remain eligible to do that.  So simply follow all my

24   admonitions and, most importantly, don't talk about any aspect

25   of the case.  Simply use your time to do something more

US v. Wiley  -- Trial/Verdict Vol. VII of VII -- 4/27/21

1  productive on your own while you're waiting.  Okay?

2          All right.  If you would, please take the jury to the

3  jury room.

4          I will call for you at 12:30, if I don't hear from

5  you before then for any reason, and I will call for you at

6  12:30 and then dismiss you as a group for lunch at that time.

7      (The jury departed the courtroom to resume deliberations

8      at 9:00 a.m.)

9          **THE COURT:**  All right.  Please be seated everyone.

10          Any objection to my instructions?

11          **MR. GREEN:**  No, Your Honor.

12          **MR. FOSTER:**  No, Your Honor.

13          **THE COURT:**  Any other issue you want to raise?

14          **MR. GREEN:**  No, Your Honor.

15          **MR. FOSTER:**  Not by defense.

16          **THE COURT:**  So if you would, as I said, just be

17  available where Ms. Engle can reach you on short notice in case

18  the jury has any questions or anything for us to address.

19  Otherwise, we'll just stand at ease and await the jury.

20          All right.  So we'll stand at ease.

21      (Proceedings recessed at 9:02 a.m.)

22      (Proceedings called back to order at 12:31 p.m.)

23      (The Defendant was present.)

24          **THE COURT:**  All right.  The jury is not in the

25  courtroom.  I received a note from the jury.  Let me read it to

US v. Wiley  -- Trial/Verdict Vol. VII of VII -- 4/27/21

1  you, and then I would like to show it to you if you want to see

2  it.

3          It's dated today at 12:18 -- it doesn't say a.m. or

4  p.m., but it must be p.m. -- signed by the foreman, Christopher

5  Putnam.  And the question is:  "Count Four, do we have attach

6  the actual ammunition to the Defendant or is aiding and

7  abetting enough to convict?"

8          Would you all like to see the note?

9          **MR. GREEN:**  I don't need to see it, Your Honor.

10         **MR. FOSTER:**  No, Your Honor.

11         **THE COURT:**  I would be happy to hear from you before

12 I indicate what I would be inclined to do.

13         **MR. FOSTER:**  Well, Your Honor, based on the

14 instruction you added in yesterday about -- that they have to

15 be unanimous in which, if any, caliber of ammunition, I

16 think -- I guess the answer would be, yes, they can find guilt,

17 aiding and abetting, but they still have to be unanimous on

18 which, if any, caliber ammunition it is, it would seem to me.

19         **THE COURT:**  All right.  Mr. Green, do you want to be

20 heard?

21         **MR. GREEN:**  Well, I guess the first question is -- of

22 course, the answer is yes.  But how do we instruct them on the

23 law on that answer?  And the question is whether you simply

24 reinstruct them on the elements of the offense, adding aiding

25 and abetting.  Of course, you encapsulated all of that, that

1  they do have to be unanimous on which of the charge -- or they
2  can be unanimous on all or two or just one of the charged
3  ammunition, but, yes, they can find -- if they agree
4  unanimously, they can find that he can be convicted on a theory
5  of aiding and abetting.
6          **THE COURT:**  All right.
7          **MR. GREEN:**  That's not much help.  I can tell you're
8  looking at me like "What I am supposed to say to them?"
9          So the options sometimes are you can simply
10 reinstruct them.  Sometimes -- you know, the jurors have a copy
11 of the instructions.  Of course, when juries send these notes,
12 I always thought they are relying on us to answer the question.
13 I think the question is, yes, you may find -- if you find the
14 Defendant --
15         **THE COURT:**  Well, the question is compound.  Do we
16 have -- and there is a "to" missing, I think.  "Do we have" to
17 "attach the actual ammunition to the Defendant or is aiding and
18 abetting enough to convict?"
19         So when you say "the answer is yes," I'm not sure
20 what you mean.
21         **MR. GREEN:**  Right.  I guess that's correct.
22         So for actual possession, the answer would be, yes,
23 you would have to be unanimous as to one or more of the
24 specific calibers of ammunition, if by "attach" that's what
25 they are referring to.

US v. Wiley  -- Trial/Verdict Vol. VII of VII -- 4/27/21

 1          Then it can also be convicted on a theory of joint
 2 possession.  Again, you would have to be unanimous on one or
 3 more of the charged calibers.
 4          And then, third, the Defendant may be convicted on a
 5 theory of aiding and abetting, but you would have to be
 6 unanimous on -- as to one or more of the calibers that are
 7 charged.  That's how I see answering the question.
 8          **THE COURT:**  All right.  Give me a minute.
 9          Yes, sir?
10          **MR. FOSTER:**  Well, it seems to me the answer to the
11 question is, yes, you must unanimously agree to which, if any,
12 of the types of ammunition he's -- you find him guilty of.
13          And, secondly, yes, you can do this under an aiding
14 and abetting theory if you're convinced beyond a reasonable
15 doubt.  I mean, I don't think we need to get into joint or
16 constructive possession.  I don't think they're asking about
17 that.
18          **THE COURT:**  All right.  Hold on.  Give me a minute to
19 come up with what I think you're trying to say, and then I'll
20 let you react to it.  How about that?
21      (Pause in the proceedings.)
22          **THE COURT:**  So let me ask.  Under an aiding and
23 abetting theory -- well, let me back up.
24          So the indictment charges three different types of
25 ammunition.  As I recall the evidence, the Government's case

1  was that Mr. Wiley himself actually possessed 9mm ammunition

2  and that other coconspirators possessed .40 caliber and .45

3  caliber ammunition.  Am I right about that?

4           **MR. GREEN:**  And 9mm.

5           **THE COURT:**  Okay.  And 9mm.

6           **MR. GREEN:**  Yeah.  There were four firearms.

7           **THE COURT:**  So if the question relates to the .40 or

8  .45 caliber or other 9mm ammunition, is it the Government's

9  position that the Defendant can constructively possess that

10  and, alternatively, aid and abet that possession?

11           **MR. GREEN:**  Yes.

12           **THE COURT:**  Whose possession is he's aiding and

13  abetting?

14           **MR. GREEN:**  Mr. Cox and the other named defendants

15  that had those firearms and ammunition in the vehicle that he's

16  rented and he is driving to and from the crime scene.

17           **THE COURT:**  Do the Defendants want to be heard at

18  all?

19           **MR. FOSTER:**  Your Honor, the offense is possession of

20  ammunition by a convicted felon, and the only evidence before

21  the jury about anyone else who is convicted of a felony would

22  be Mr. Cox, I believe.  So it would have -- the only aiding and

23  abetting -- the only way aiding and abetting would seem to

24  apply is if we're talking about Mr. Cox possessing ammunition

25  as a convicted felon and our client aiding and abetting that.

Case 1:19-cr-00529-TDS  Document 365  Filed 02/04/22  Page 9 of 40

1 Mr. Cox had a -- by his own testimony was shooting .40 caliber

2 ammunition.

3          So, anyway, I'm not sure where that leads us, but I'm

4 still trying to think this through.

5          **THE COURT:**  Does the Government want to be heard?

6          **MR. GREEN:**  I don't know on an aiding and abetting

7 theory if we would have to show that the other person was a

8 felon.  I don't know the answer to that.

9          So as I see the kind of -- the thing -- the jury

10 could find that Mr. Wiley possessed a 9 or that he possessed a

11 .45 -- or one of the two 9s or the .45.  That's what they could

12 find.  They could find that he jointly possessed not only --

13 all of the firearms:  The 9 he had, the other 9, the. 40, and

14 the .45.

15          That point about the aiding and abetting I think

16 is -- probably the safe answer is to say that as to aiding and

17 abetting, possession of ammunition by a felon, that would apply

18 to the .40 caliber and Mr. Cox.  If you did not find -- in

19 other words, not to any of those other theories I just

20 mentioned, I think that probably -- this is me standing up and

21 saying that sounds right now that I hear the Defendant's

22 argument as to that question and the jurors' question.

23          **THE COURT:**  Well, the Government charged .45 caliber

24 as well.

25          **MR. GREEN:**  We did.

US v. Wiley  -- Trial/Verdict Vol. VII of VII -- 4/27/21

1    **THE COURT:** But you're now, I think, saying that that

2  would be not a basis for a conviction on aiding and abetting.

3  Is that you're saying?

4    **MR. GREEN:** I need to look at that. I need a little

5  time to see what additional -- so he can -- again, so if we

6  think about this theory, under joint possession, right, I'm a

7  felon. Can I aid counsel and ask you to carry ammunition which

8  I intend to use? And I think the answer is, yes, that would be

9  aiding and abetting still myself or aiding and abetting someone

10 else.

11    So it does a little bit of -- turn on a little bit of

12 the analysis that -- again, I was not anticipating this

13 particular branching at the time. So we can either think about

14 that a little bit further --

15    **THE COURT:** Well, it's lunchtime. I can send them

16 off for lunch if you want to think about this, and then I will

17 give them an instruction after lunch.

18    **MR. PRINCIPE:** Can we have two minutes, Your Honor --

19 or not even that. Can we have a minute?

20    **THE COURT:** Yes.

21    (Assistant U.S. Attorneys conferred.)

22    **MR. GREEN:** If we could send them to lunch, Your

23 Honor.

24    On that aiding and abetting question, I think, in our

25 view, the actual and constructive possession would apply to all

1  the firearms we have evidence of, as well as the joint

2  possession would apply to all of the firearms.  But this issue

3  of the aiding and abetting theory, standing alone, would that

4  apply only to Mr. Cox?  I would like just a moment to think

5  about that, if it please the Court.

6          **THE COURT:**  All right.  I'm inclined to go ahead and

7  send the jury to lunch.

8          Any objection?

9          **MR. FOSTER:**  No, Your Honor.

10         **THE COURT:**  Let's bring the jury down.

11         I will do that, and then we'll just chat a little

12 more after we send them out.

13         **COURTROOM DEPUTY CLERK:**  The alternates too?

14         **THE COURT:**  I would just bring in the jury.  I am not

15 proposing we bring in the alternates, unless anyone thinks I

16 should.

17         **MR. GREEN:**  No, Your Honor.

18      (Pause in the proceedings.)

19         **THE COURT:**  If you would look over the lunch hour --

20 I guess a question is how the aiding and abetting charge in

21 Count Four applies, given the Government's evidence in the

22 case.

23         **MR. GREEN:**  I will do that, yes, Your Honor.

24         I will just say, Your Honor -- the jury is not in

25 here -- again, there is a dovetail been the concept of joint

US v. Wiley  -- Trial/Verdict Vol. VII of VII -- 4/27/21

1 and aiding; that is, we can both possess it, or I can have you

2 possess it for me if I need to use it.  And so I will look

3 exactly to that scenario.  As I'm sitting here, that's kind of

4 the overlap --

5          **THE COURT:**  What's the difference between aiding and

6 abetting under that scenario and pure joint possession?

7          **MR. GREEN:**  Yes, Your Honor, I think that's probably

8 the crux of the issue, and I'll try and delve a little deeper

9 into it at the lunch break.

10          **THE COURT:**  Okay.  Once you all look at the issue, if

11 you perhaps want to chat with each other before we come into

12 court and then you will know each other's positions.

13          **MR. GREEN:**  Yes, Your Honor.

14          **THE COURT:**  If there is any agreement on anything,

15 that would be helpful to know.

16     (The jury returned to the courtroom at 12:54 p.m.)

17          **THE COURT:**  Ladies and gentlemen, it's five minutes

18 to 1:00 p.m.  I received a note from Mr. Putnam, who I presume

19 is the foreperson; is that right, sir?

20          **JUROR NO. 8:**  Yes, sir.

21          **THE COURT:**  And it reads as follows:  "Count Four, do

22 we have attach the actual ammunition to the Defendant or is

23 aiding and abetting enough to convict?"

24          What I am going to do is -- it is lunchtime, and I

25 want to give you an opportunity to have lunch.  Then I'll get

Case 1:19-cr-00529-TDS   Document 365   Filed 02/04/22   Page 13 of 40

1 back with you with an answer -- or a response to your question

2 right after lunch.  So I called you in simply to tell you I'm

3 going to dismiss you for a lunch break.  So you should suspend

4 your deliberations until I bring you back together again, and

5 then you can resume your deliberations.  When you do come back,

6 I will bring you back into the courtroom, speak to you, and

7 then let you resume your deliberations.  All right.

8          So is an hour sufficient?  Does anybody need more

9 than an hour for lunch?  If so, raise your hand.

10          So what I'll do is give you an hour for lunch.  So if

11 you would be back on the fourth floor ready to go at five to

12 2:00, 1:55 p.m.  Then I'll call you back in, and then we'll

13 proceed from there.

14          In the meantime, as I said, remember all my

15 admonitions:  Don't do any other research; don't talk about the

16 case.  Suspend your deliberations until I bring you back and

17 reinstruct you to resume your deliberations.

18          If you would leave your notes in your chairs,

19 Ms. Engle will collect and redistribute those to you.

20          Please enjoy your lunch.

21          Everyone else please remain in the courtroom.

22          You're free to go to lunch at this time.

23     (The jury departed the courtroom at 12:56 p.m.)

24          **THE COURT:**  All right.  Please be seated, everyone.

25 Let's give them a moment to clear out.

1    Can you bring the two alternates in, please.

2    (The alternate jurors returned to the courtroom.)

3    **THE COURT:** I want to let you know I am sending the

4  jury out to lunch at this time, and so I'm going to also

5  indicate that you all are free to go to lunch. Continue to

6  follow all my admonitions. I appreciate your patience. And

7  remember all my admonitions: Don't talk about the case or do

8  any research.

9    I asked the others to be back in about an hour. So

10 if you could be back at 1:55, reporting back there to the third

11 floor -- or second floor, rather, across the hall, that would

12 be good. That would be Courtroom 3.

13    Enjoy your lunch, please. Leave your envelopes here,

14 and Ms. Engle will keep those for safekeeping.

15    (The alternate jurors departed the courtroom.)

16    **THE COURT:** Please be seated.

17    All right. The alternates and all jurors are outside

18 of the courtroom.

19    If you would take a look at that, and then I would

20 ask you all to propose whatever language you think I should use

21 in terms of instructing the jury at this point.

22    So why don't we try to get back together at 1:45, so

23 that's 45 minutes, to look at this issue and see where we stand

24 at that point. So we'll be in recess until 1:45.

25    (Proceedings recessed at 1:00 p.m.)

US v. Wiley -- Trial/Verdict Vol. VII of VII -- 4/27/21

1    (Proceedings called back to order at 1:54 p.m.)

2    (The Defendant was present.)

3         **THE COURT:**  All right.  Mr. Green?

4         **MR. GREEN:**  So, Your Honor, we did do some further

5  inquiry at lunch, and the bottom line up front is going to be

6  that, given the status of the evidence before the Court and the

7  jury, we don't believe the jurors should be instructed on

8  aiding and abetting as to Count Four, or to answer it in

9  another way, they should be reinstructed that they should only

10 consider the sole/joint constructive possession as to Count

11 Four.

12        I have discussed this with counsel.  They agree with

13 that calculus.  I have a copy of a proposed thing to read to

14 the jury.  I'll hand it up.  But just so you know kind of the

15 some background of this -- and, you know, this happens

16 sometimes.  Jurors are thinking about stuff, and they point

17 stuff out.

18        When we think about it, it looks clearly from the

19 case law you cannot aid and abet yourself.  And then the

20 question kind of shifts.  Okay, what must you prove to prove

21 aiding and abetting possession of a firearm by a felon?

22        There is a single district court case that we were

23 able to find over lunch, again working very quickly, that

24 acknowledged a circuit split on that question, but that --

25        **THE COURT:**  While you're speaking -- let me interrupt

1  you just for a minute and speak to my law clerk, because we're

2  going to have to revise the verdict form.  I propose that we

3  give the jury a new verdict form.

4            **MR. GREEN:**  Yes, that's exactly what I was going to

5  propose, yes, sir.

6            **THE COURT:**  Okay.  Let me get that process started

7  and ask my law clerk if he could revise the verdict form on

8  Count Four to remove in the title and in the -- any reference

9  within there to aiding and abetting.

10           All right.  Go ahead.

11           **MR. GREEN:**  And, again, as we looked at this 2011

12 district court opinion --

13           **THE COURT:**  Who is -- what is the opinion?

14           **MR. GREEN:**  I have a copy, if you would like it.

15           **THE COURT:**  All right.

16           **MR. GREEN:**  It is an Eastern District of Virginia,

17 District Court.  It looks like Senior District Court Judge

18 Doumar.  And I will hand it up.  837 F. Supp. 2d 589.

19           **THE COURT:**  The Government has come to what

20 conclusion?

21           **MR. GREEN:**  Essentially that there is -- at least, I

22 think, looking at that opinion, that's certainly persuasive

23 reasoning that there is a requirement that you know under

24 aiding and abetting the status of the person that you're aiding

25 and abetting under felon in possession of a firearm or

US v. Wiley  -- Trial/Verdict Vol. VII of VII -- 4/27/21

1  ammunition.

2        And as we looked at the evidence in this case over

3  lunch, obviously, there is some evidence the Defendant --

4  Mr. Cox is a felon, and that came out at trial.  It did not

5  come out as to any of the other individuals that that might

6  apply to.

7        And as to that, we do have -- there is evidence,

8  obviously, elicited by the defense that Mr. Cox was convicted a

9  short time before this offense, that Mr. Cox and Mr. Wiley were

10  in communications with one another and that they were together

11  on three consecutive -- or at least two consecutive dates prior

12  to the 15th.  However, probably not enough to show that

13  Mr. Wiley -- that it was communicated to Mr. Wiley or that he

14  knew Mr. Cox was actually a felon.  Thus, we think instructing

15  the jury in the way I presented I think -- nope.  Let me hand

16  up proposed language for the Court.

17        **THE COURT:**  All right.

18        **MR. GREEN:**  I have one extra copy.

19        **THE COURT:**  That's all right.

20        All right.  So you're proposing that I, for the

21  record, read the following:

22        "Members of the jury, through your foreperson, you

23  have sent the following question" -- then I would read the

24  question, and then add -- "Earlier I instructed you that you

25  could find the Defendant guilty as to Counts Two and Four under

1  a theory known as aiding and abetting.  I now instruct you as

2  to Count Four, possession of ammunition by a felon, you may

3  find the Defendant guilty of that offense only if you find,"

4  and then you have a bracket, [read jury instruction Count

5  Four], closed bracket, "excluding aiding and abetting.  I am

6  going to provide you a new verdict sheet that removes aiding

7  and abetting as to Count Four.  Other than that change, the new

8  verdict sheet is identical" -- you have "as."  I would say

9  "identical to the one you have been provided previously.  Place

10 your verdict as to Counts One through Three on this new verdict

11 sheet."

12             MR. GREEN:  That is what we propose.

13             THE COURT:  All right?  The Defendant in agreement.

14             MR. FOSTER:  We're in agreement, Your Honor.

15             THE COURT:  So are you asking me to reread the Count

16 Four jury instruction?

17             MR. GREEN:  I am.

18             THE COURT:  All right.

19             MR. GREEN:  Because I do -- they did ask a compound

20 question, and I think the defense has raised the question or

21 issue as to the anonymity of the verdict as to which charged

22 ammunition, and I just think that's the safer course is to read

23 the -- again, reinforcing that this will be the only applicable

24 law as to Count Four.

25             THE COURT:  Would you propose that I also instruct

US v. Wiley  -- Trial/Verdict Vol. VII of VII -- 4/27/21

1  the jury that since they have my written instructions, on pages

2  35 and 36, that they should delete from that any reference to

3  Count Four and that should only refer to Count Two?

4       **MR. GREEN:**  Yes, Your Honor.

5       **THE COURT:**  Any objection to that?

6       **MR. FOSTER:**  No, Your Honor.

7       **THE COURT:**  All right.  Does anybody believe that I

8  need to physically collect the jury's instructions and make any

9  changes?  Are you satisfied with my oral instructions?

10      **MR. GREEN:**  We would be satisfied with your oral

11  instruction.

12      **MR. FOSTER:**  I think we would prefer that the aiding

13  and abetting instructions be removed and replaced.

14      **THE COURT:**  All right.  Well, what I can do is I can

15  simply revise those and then reprint the instructions, and then

16  we'll substitute in the instructions with that change along

17  with the jury verdict form.

18           Is that acceptable to the Government.

19      **MR. GREEN:**  It is, Your Honor.

20      **THE COURT:**  If you will give me about three minutes,

21  I will do that.  And then we'll bring the jury in, and I'll

22  proceed in that fashion.

23           I'm going to allow you to take a look at the new

24  draft that we hand to the jury before we give it to them.  So

25  give me three or four minutes, and we'll do that.

US v. Wiley  -- Trial/Verdict Vol. VII of VII -- 4/27/21

1     (Proceedings recessed at 2:02 p.m.)

2     (Proceedings called back to order at 2:14 p.m.)

3     (The Defendant was present.)

4          **THE COURT:**  All right.  That's the verdict sheet, so

5  if you all would just take a look at that.

6          When you look at the instructions, the changes were

7  on Count Four.  I believe it was the heading that we removed,

8  Section 2.

9          **MR. GREEN:**  Yes, Your Honor.

10         **THE COURT:**  And then aiding and abetting now on pages

11  35 and 36 refers only to Count Two, and the references

12  throughout should only be to Count Two, if we caught them all.

13         All right.  Any comments on the jury instructions?

14         **MR. GREEN:**  Not on the instructions, Your Honor.

15         **MR. FOSTER:**  No objection, Your Honor.

16         **THE COURT:**  What about the verdict form?

17         **MR. GREEN:**  The same.

18         **MR. FOSTER:**  Same.

19         **THE COURT:**  All right.  So Ms. Engle has collected

20  the jury instructions and the verdict form.  The verdict form

21  is blank.  There is nothing on the verdict form.  I just want

22  the record to reflect that.

23         Does anybody -- I will tell you what I will do is I

24  will preserve the verdict form as a court exhibit in order to

25  demonstrate that fact.

Case 1:19-cr-00529-TDS   Document 365   Filed 02/04/22   Page 21 of 40

1    So my proposal would be simply to give them the new

2    verdict form.

3    Any objection to doing that?

4    **MR. GREEN:**  No, Your Honor.

5    **MR. FOSTER:**  No, Your Honor.

6    **THE COURT:**  Okay.  All right.  So let me get my

7    notes.

8    We will bring in the jury.  I will read the

9    agreed-upon instruction.  I will also tell them that they will

10   get a new verdict form and new jury instructions that conform

11   to these instructions.  All right.

12   **MR. GREEN:**  With regard to saying you will read, the

13   Government is requesting that you read pages 29 through 31 and

14   then pages 33 and 34.

15   **MR. FOSTER:**  Your Honor, we would object to the

16   reading of two second pages.  That seems to highlight --

17   **THE COURT:**  The pages dealing with possession?

18   **MR. FOSTER:**  Yeah, the types of possession.

19   **THE COURT:**  Okay.  All right.  I'm inclined simply to

20   read the Count Four portion without the possession --

21   additional two pages of possession.  I would be inclined to

22   tell the jury that that -- they should consider the

23   instructions as a whole and review all the instructions.

24   Do you want to be heard any further?

25   **MR. GREEN:**  If we're going to reinstruct on the

1 count, then that section of the instruction is in there to

2 explain, when you use the word "possession," what you mean.

3 That would seem like you're -- we're kind of reinstructing on

4 not all of the count, the relevant law.

5          So, certainly, I don't want to argue for 20 minutes

6 about it, but the Government's position is that you should

7 explain to the jury -- if you're going to read them Count Four

8 again, to clarify exactly the theories under which he can be

9 held accountable, Mr. Wiley, that is, that you should read both

10 the possession section and sole and joint possession.

11          But I certainly -- again, I'm not -- don't want to

12 belabor to point, Your Honor.

13          **MR. FOSTER:**  Again, Your Honor, we object to that

14 just because the jury question did not ask anything about types

15 of possession, so to provide more information on that doesn't

16 even address their question.

17          **THE COURT:**  Well, the question is "do we have attach

18 the actual ammunition?"  I'm not sure I know what that means.

19 Attach could be do we have to show possession?  Do we have to

20 find possession or not?

21          I think what I am inclined to do is read Count Four

22 and then indicate to the jury that they should read that in the

23 context of all the instructions, including the instruction on

24 possession.  And then I won't repeat the whole possession

25 instruction.

1  All right.  Any objection if I do that?

2  **MR. GREEN:**  No, Your Honor.

3  **THE COURT:**  All right.  Any objection?

4  **MR. FOSTER:**  No, Your Honor.

5  **THE COURT:**  I will hopefully remember to do that.

6  Let's bring the jury in, please.

7  (The jury returned to the courtroom at 2:24 p.m.)

8  **THE COURT:**  All right.  Please be seated.

9  Ladies and gentlemen, welcome back.

10  Members of the jury, through your foreperson, you

11  have sent to me the following question:

12  "Count Four, do we have attach the actual ammunition

13  to the Defendant or is aiding and abetting enough to convict?"

14  Signed by the foreperson this date at 12:18 p.m.

15  Earlier I instructed you that you could find the

16  Defendant guilty as to Counts Two and Four under a theory known

17  as aiding and abetting.  I now instruct you as to Count Four,

18  possession of ammunition by a felon.  You may find the

19  Defendant guilty of that offense only if you find the

20  following:

21  The superseding indictment charges the Defendant in

22  Count Four with possession of ammunition by a convicted felon.

23  When a person has been convicted of a crime punishable by more

24  than one year of imprisonment, that is, a felony, and that

25  conviction has neither been expunged nor set aside or that

US v. Wiley  -- Trial/Verdict Vol. VII of VII -- 4/27/21

1  person has not been pardoned or had his civil rights restored,

2  then Title 18, United States Code, Section 922(g)(1), makes it

3  a federal crime or offense for that person, with knowledge of

4  that felony conviction, to knowingly possess any ammunition

5  which has been in or affecting interstate or foreign commerce.

6          For you to find the Defendant guilty of this offense,

7  the must Government must prove each of the following beyond a

8  reasonable doubt:

9          First, that on or about April 15, 2018, the Defendant

10  knowingly possessed ammunition.  In this case, the Government

11  charges that the Defendant knowingly possessed Winchester .45

12  caliber ammunition, Winchester .40 caliber ammunition, or

13  Winchester 9mm ammunition;

14          And, second, at the time of the possession, that the

15  Defendant had previously been convicted in any court of a crime

16  punishable by imprisonment for a term in excess of one year,

17  that is, a felony, and the conviction not been expunged, set

18  aside, or pardoned;

19          Third, the Government must prove that at the time of

20  the possession the Defendant knew that he had previously been

21  convicted in a court of a crime punishable by imprisonment for

22  a term exceeding one year, that is, a felony;

23          And, fourth, that the possession of the ammunition

24  was in or affecting commerce; that is, at some point prior to

25  the Defendant's possession, the ammunition had traveled from

US v. Wiley  -- Trial/Verdict Vol. VII of VII -- 4/27/21

1  one state to another or from a foreign country to the United

2  States.

3  The term "ammunition," as to that term is used in

4  these instructions, means ammunition or cartridge cases,

5  primers, bullets, or propellant powder designed for use in any

6  firearm.

7  It is not necessary for the Government to prove that

8  the Defendant knew he was prohibited from possessing

9  ammunition.

10  In this case the Defendant and the Government have

11  stipulated, that is, they have agreed, that the Defendant has

12  such a felony conviction and had knowledge of that felony

13  conviction.  Therefore, the Government was not required to

14  present additional evidence on the second or third elements,

15  and you may properly consider those facts as having been

16  proved.

17  The parties have also entered into a stipulation with

18  respect to certain items of evidence constituting ammunition

19  within the meaning of this count.  However, while the

20  stipulation of the Defendant's prior conviction is necessary

21  and proper, you should not conclude that because the Defendant

22  committed a crime in the past, he committed the offenses with

23  which he is currently charged.  Nor should you conclude that

24  any prior conviction shows general bad character or a

25  likelihood that the Defendant would commit future crimes.

Case 1:19-cr-00529-TDS   Document 365   Filed 02/04/22   Page 26 of 40

1    As I have instructed, the Defendant is presumed
2  innocent until proven guilty of the current charges.
3  Therefore, you should consider the stipulation of the
4  Defendant's prior conviction to determine whether the
5  Government has proved these elements of the offense beyond a
6  reasonable doubt.
7    The superseding indictment charges that the Defendant
8  possessed multiple items of ammunition.  It is not necessary
9  that you find that the Defendant possessed all of the
10 ammunition.  However, before you may find the Defendant guilty
11 of this count, you must unanimously agree based upon proof
12 beyond a reasonable doubt as to which ammunition the Defendant
13 knowingly possessed.
14    Before the Defendant may be convicted of the offense
15 charged in Count Four of the superseding indictment, you must
16 unanimously agree that the Government has proved beyond a
17 reasonable doubt each element of the offense charged in the
18 superseding indictment, as I have just instructed.  If the
19 Government fails to prove even one of these elements beyond a
20 reasonable doubt, then you must find the Defendant not guilty.
21    So you may find the Defendant guilty of this offense
22 only if you find those elements as I have instructed and
23 excluding aiding and abetting.
24    I'm going to provide you with a new verdict sheet
25 that removes aiding and abetting as to Count Four.  Other than

1  that change, the new verdict sheet is identical to the one you

2  have previously been provided.  Place your verdicts as to

3  Counts One through Three as well as Count Four on that verdict

4  sheet.

5         I instruct you that you are to consider the jury

6  instructions as a whole, including all the other instructions,

7  including the instruction as to possession as it relates to

8  Count Four.

9         All right.  Give me just a moment.  If the lawyers

10 would step up here.

11     (The following proceedings were had at the bench by the

12     Court and Counsel out of the hearing of the jury:)

13         **THE COURT:**  Any objections?

14         **MR. GREEN:**  No, Your Honor.

15         **MR. FOSTER:**  No, Your Honor.

16         **THE COURT:**  All right.

17     (End of bench conference.)

18         **THE COURT:**  So, ladies and gentlemen, I'm going to

19 instruct you to return and continue your deliberations.  You

20 will be provided with a new set of jury instructions that

21 conform to what I just told as well as a new verdict sheet that

22 conforms to what I told you which removes aiding and abetting

23 from Count Four.

24         So at this time, if you would, please resume your

25 deliberations.  If I don't hear from you at 5:00, I will call

US v. Wiley  -- Trial/Verdict Vol. VII of VII -- 4/27/21

1  for you at 5:00 and dismiss you for the day.

2          Everyone please remain in the courtroom while they

3  leave.

4      (The jury departed to resume its deliberations at

5      2:33 p.m.)

6          **THE COURT:**  All right.  Please be seated, everyone.

7          All right.  We'll wait and see what further word we

8  get from the jury.  If you would, just be available so we can

9  get you if we need to.

10          Both of you said no objection at the bench.  I just

11  want to confirm that there was no further objections as to the

12  way that was handled?

13          **MR. GREEN:**  Not from the Government.

14          **MR. FOSTER:**  That's correct, Your Honor.

15          **THE COURT:**  All right.  So we'll stand at ease.

16          I'm going to mark the original instructions as a

17  court exhibit as well so that that's preserved for the record,

18  along with the original verdict form, which is blank at this

19  point, and they will at least be available.

20          So stand at ease and we'll await word.

21      (Proceedings recessed at 2:34 p.m.)

22      (Proceedings called back to order at 3:22 p.m.)

23      (The Defendant was present.)

24          **THE COURT:**  I am informed that the jury has indicated

25  that it has a verdict.

US v. Wiley  —— Trial/Verdict Vol. VII of VII —— 4/27/21

1  Does anybody need to be heard before we bring the

2  jury in?

3  **MR. GREEN:**  No, Your Honor.

4  **MR. FOSTER:**  No, Your Honor.

5  **THE COURT:**  All right.  You may bring the jury in

6  please.

7  (The jury returned to the courtroom.)

8  **THE COURT:**  Please be seated, everyone.

9  Ladies and gentlemen of the jury, I understand you've

10  elected a foreperson.  I think we learned that earlier.

11  Is that you, Mr. Putnam, No. 8?

12  **JUROR NO. 8:**  That is correct.

13  **THE COURT:**  Have you unanimously agreed on a verdict?

14  **JUROR NO. 8:**  We have.

15  **THE COURT:**  All right.  Please hand the verdict to

16  the clerk, who will hand it to me.

17  Ladies and gentlemen of the jury, your verdict will

18  now be published.  Please listen carefully.  One or both

19  parties may ask the jury verdict be polled, that is, to ask

20  each juror, one by one, if the verdict, as published,

21  constitutes his or her individual verdict in all respects.

22  I will ask at this time the clerk to please publish

23  the verdict.

24  **COURTROOM DEPUTY CLERK:**  Members of the jury, please

25  stand as the verdict is read.

US v. Wiley  -- Trial/Verdict Vol. VII of VII -- 4/27/21

1    Members of the jury, in Case No. 1:19CR529-1, United

2  States of America versus Maurice Owen Wiley, Jr., you have

3  answered as follows:

4    We, the jury, find the Defendant, Maurice Owen Wiley,

5  Jr., guilty of the offense charged in Count One of the

6  indictment, that is, conspiracy to interfere with commerce by

7  robbery at the China Wok in Durham, North Carolina, from on or

8  about April 13, 2018, continuing up to and including on or

9  about April 15, 2018, in violation of Title 18, United States

10 Code, Section 1951(a).

11    We, the jury, find the Defendant, Maurice Owen Wiley,

12 Jr., guilty of the offense charged in Count Two of the

13 indictment, that is, attempted Hobbs Act robbery of the China

14 Wok in Durham, North Carolina, on or about April 15, 2018, in

15 violation of Title 18, United States Code, Sections 1951(a) and

16 2.

17    We, the jury, find the Defendant, Maurice Owen Wiley,

18 Jr., guilty of the offense charged in Count Three of the

19 indictment, that is, conspiracy to possess firearms in

20 furtherance of a crime of violence on or about April 13, 2018,

21 continuing up to and including April 15, 2018, in violation of

22 Title 18, United States Code, Section 924(o).

23    We, the jury, find the Defendant, Maurice Owen Wiley,

24 Jr., not guilty of the offense charged in Count Four of the

25 indictment, that is, knowingly possessing ammunition on or

US v. Wiley  -- Trial/Verdict Vol. VII of VII -- 4/27/21

1  about April 15, 2018, in violation of Title 18, United States

2  Code, Section 922(g)(1).

3           And this is dated April 27, 2021 and signed by the

4  foreperson.

5           Is this your true verdict, so say you all?

6      (Affirmative response from members of the jury panel.)

7      **COURTROOM DEPUTY CLERK:**  Thank you.  You may be

8  seated.

9      **THE COURT:**  All right.  Does either party wish to

10 have the jury polled?

11     **MR. FOSTER:**  We do, Your Honor.

12     **THE COURT:**  Ms. Engle, please poll the jury.

13     **COURTROOM DEPUTY CLERK:**  Members of the jury, as your

14 name is called, please stand.

15          Juror No. 1, does the verdict, as published,

16 constitute your individual verdict in all respects?

17     **JUROR NO. 1:**  Yes.

18     **COURTROOM DEPUTY CLERK:**  Thank you.  You may be

19 seated.

20          Juror No. 2, does the verdict, as published,

21 constitute your individual verdict in all respects?

22     **JUROR NO. 2:**  Yes.

23     **COURTROOM DEPUTY CLERK:**  Thank you.  You may be

24 seated.

25          Juror No. 3, does the verdict, as published,

Case 1:19-cr-00529-TDS   Document 365   Filed 02/04/22   Page 32 of 40

1  constitute your individual verdict in all respects?

2          **JUROR NO. 3:**  Yes.

3          **COURTROOM DEPUTY CLERK:**  Thank you.  You may be

4  seated.

5          Juror No. 4, does the verdict, as published,

6  constitute your individual verdict in all respects?

7          **JUROR NO. 4:**  Yes.

8          **COURTROOM DEPUTY CLERK:**  Thank you.

9          Juror No. 5, does the verdict, as published,

10 constitute your individual verdict in all respects?

11         **JUROR NO. 5:**  Yes.

12         **COURTROOM DEPUTY CLERK:**  Thank you.

13         Juror No. 6, does the verdict, as published,

14 constitute your individual verdict in all respects?

15         **JUROR NO. 6:**  Yes.

16         **COURTROOM DEPUTY CLERK:**  Thank you.

17         Juror No. 7, does the verdict, as published,

18 constitute your individual verdict in all respects?

19         **JUROR NO. 7:**  Yes.

20         **COURTROOM DEPUTY CLERK:**  Thank you.

21         Juror No. 8, does the verdict, as published,

22 constitute your individual verdict in all respects?

23         **JUROR NO. 8:**  Yes.

24         **COURTROOM DEPUTY CLERK:**  Thank you.

25         Juror No. 9, does the verdict, as published,

Case 1:19-cr-00529-TDS   Document 365   Filed 02/04/22   Page 33 of 40

1 constitute your individual verdict in all respects?

2          **JUROR NO. 9:**  Yes.

3          **COURTROOM DEPUTY CLERK:**  Thank you.

4          Juror No. 10, does the verdict, as published,

5 constitute your individual verdict in all respects?

6          **JUROR NO. 10:**  Yes.

7          **COURTROOM DEPUTY CLERK:**  Thank you.

8          Juror No. 11, does the verdict, as published,

9 constitute your individual verdict in all respects?

10          **JUROR NO. 11:**  Yes.

11          **THE COURT:**  Juror No. 12, does the verdict, as

12 published, constitute your individual verdict in all respects?

13          **JUROR NO. 12:**  Yes.

14          **COURTROOM DEPUTY CLERK:**  Thank you.

15          **THE COURT:**  All right.  I'm directing the clerk the

16 file and record the verdict in this case.

17          Ladies and gentlemen of the jury, I want to thank you

18 for your service in this case.  We've tried to stay on

19 schedule, and I tried to keep you apprised, and I think we

20 largely followed that.

21          As I said at the outset, the parties in this case and

22 the Court are all aware that you were summoned here at some

23 inconvenience to other plans you may have had in your life.

24 And it's not lost on any of us that we continue to deal the

25 coronavirus pandemic, which added an extra layer of complexity

US v. Wiley  -- Trial/Verdict Vol. VII of VII -- 4/27/21

1  to the jury process, including the fact that some of our jurors

2  are seated in the well of the court, which we ordinarily would

3  not do.  It also required that you socially distance yourself

4  moving in and out of the court and to wear a mask throughout

5  the proceedings.

6          So I think you've seen -- well, first, let me say

7  thank you again for putting up with the additional burdens of

8  jury service, above and beyond the ordinary burden of jury

9  service; but I think you've seen firsthand what a high calling

10 it is to serve on a jury.

11          Our right to a jury trial and our jury system really

12 do set this nation apart from virtually every other country on

13 the face of our earth, and that's because of jurors like you

14 who are committed day by day to carefully listen to all the

15 evidence, to be willing to serve, to be patient with the delays

16 that are inherent in this system, and then to deliberate

17 conscientiously over the evidence, and to resolve the disputes

18 in very important matters that affect people's lives.

19          Your jury service is, in fact, a privilege.  You have

20 discharged your duty faithfully, and for that, I want to thank

21 you not only on behalf of the Court, but on behalf of the

22 parties and on behalf of your fellow citizens, many of whom

23 probably have no idea that you were the ones serving on a jury.

24          But, as I said, what you do here is so vitally

25 important to our democracy and to our freedoms.  It's provided

US v. Wiley  -- Trial/Verdict Vol. VII of VII -- 4/27/21

1  for in our Constitution, and it guarantees the right of every

2  person to a fair trial by a jury of his or her peers.

3         You are now free to discuss your verdict, if you wish

4  to do that, but you have no obligation to do so.  And nobody

5  should ever harass you because of your jury service or your

6  verdict in this case.  If anybody does, bring it to my

7  attention immediately.  Let Ms. Engle know.  I want to know

8  about it, but you should never have anybody ever give you any

9  trouble for having served as a juror in any case.

10         Ms. Engle will have some certificates for you.  I'm

11  going to ask before you leave if you would perhaps collect up

12  on the -- across the hall in the courtroom with the alternate

13  jurors so that she can then provide you with some certificates

14  which reflect a small token of our thanks for your service as

15  jurors.

16         So at this time, you are free to leave.  You are

17  discharged with our thanks for your service and with best

18  wishes for continued good health.

19      (The jury departed the courtroom at 3:35 p.m.)

20         **THE COURT:**  All right.  Please be seated, everyone.

21         So, Mr. Foster?

22         **MR. FOSTER:**  Yes, Your Honor.  At this time we would

23  renew our motion to dismiss for insufficient evidence under

24  Rule 29 for all the same reasons previously stated.

25         **THE COURT:**  All right.  Hold on just a minute.

Case 1:19-cr-00529-TDS   Document 365   Filed 02/04/22   Page 36 of 40

```
 1              All right.  Do you want to be heard at all,
 2    Mr. Green?
 3              MR. GREEN:  No, Your Honor.
 4              THE COURT:  All right.  I had taken the motion under
 5    advisement.  I think what I am going to do is contemplate just
 6    writing an order addressing the issues that are raised and
 7    resolving it in an order after -- within some period of time.
 8    I don't know if anybody further wants to brief any of the
 9    materials before I do that.
10              MR. FOSTER:  We may, Your Honor.  When should we do
11    that by?
12              THE COURT:  Well, I think the rule provides that
13    within 14 days you can renew your motion.  You just renewed it.
14    Hold just a minute.
15              MR. FOSTER:  Rule 29(c)(1) says 14 days.
16              THE COURT:  Right.  "Defendant may move for a
17    judgment of acquittal or renew the motion within 14 days."
18    You've renewed the motion.  I think I can set whatever schedule
19    for that.  I would say 14 days.
20              Is that doable?
21              MR. FOSTER:  Yes.
22              THE COURT:  And then the Government can have -- do
23    you need 14 days to respond?
24              MR. GREEN:  I guess.  I would like to see what the
25    filing is.
```

US v. Wiley  -- Trial/Verdict Vol. VII of VII -- 4/27/21

         **THE COURT:**  So why I don't give the Defendant 14 days

to brief its renewed Rule 29 motion, and then you can respond

14 days after it's filed.  And then I will resolve it at that

point.  Okay.

         All right.  So the next step in the process,

Mr. Wiley, is the preparation of a presentence investigation

report by the U.S. Probation Office in this court.  You will be

asked to provide information for that report, and your lawyers

may be present for your interview.

         You will be given the opportunity to review the

written presentence investigation report before it's -- before

your sentencing, and you can object to any aspect of the report

you may disagree with, including any of the recommended

sentencing guidelines that the probation office recommends.

         If there are any objections that have not been

resolved on the report by the time of your sentencing hearing,

presuming we get to that point, then I'll resolve the

objections at the sentencing hearing and then determine a

sentence in your case.

         **THE DEFENDANT:**  I understand, sir.

         **THE COURT:**  Pardon me?

         **THE DEFENDANT:**  I understand.

         **THE COURT:**  You'll have an opportunity to speak to

the Court, if you want to be heard at that hearing, but you

have the right to remain silent.  That's your constitutional

Case 1:19-cr-00529-TDS   Document 365   Filed 02/04/22   Page 38 of 40

1  right, and I would not hold it against you if you wish to do

2  that.

3          So the Court directs the preparation of a written

4  presentence report.  I'm going to set sentencing for Wednesday,

5  July 21, 2021, at 1:30 p.m. in Winston-Salem in Courtroom

6  No. 2.

7          All right.  Anything further either party wishes to

8  address?

9          **MR. GREEN:**  No, Your Honor.

10          **MR. FOSTER:**  No, Your Honor.

11          **THE COURT:**  Okay.  All right.  We'll adjourn Court

12  then, please.

13      (Proceedings adjourned at 3:41 p.m.)

14

15                  END OF VOLUME VII OF VII

16

17

18

19

20

21

22

23

24

25

US v. Wiley  -- Trial/Verdict Vol. VII of VII -- 4/27/21

1  UNITED STATES DISTRICT COURT

2  MIDDLE DISTRICT OF NORTH CAROLINA

3  CERTIFICATE OF REPORTER

4

5

6       I,  Briana L. Bell, Official United States Court

7  Reporter, certify that the foregoing transcript is a true and

8  correct transcript of the proceedings in the above-entitled

9  matter prepared to the best of my ability.

10

11       Dated this 4th day of February 2022.

12

13

14       _____

         Briana L. Bell, RPR

15       Official Court Reporter

16

17

18

19

20

21

22

23

24

25

US v. Wiley  -- Trial/Verdict Vol. VII of VII -- 4/27/21